**Elizabeth Shaw, Esq.**
**Law Offices of Rachel L Rado, LLC**
**175 Portland St Fl 2**
**Boston, MA 02114**
**617-871-6030**
**eshaw@rachelradolaw.com**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# BOSTON DIVISION

| | |
|---|---|
| JUAN DAVID QUICHIMBO SUMBA, MIRIAN XIMENA ABARCA TIXE, and C.M.Q.A. (minor),<br><br>Petitioners,<br><br>v.<br><br>JOSEPH EDLOW, Director of USCIS, et al.<br>Respondents | Civil Case No. 25-13911<br><br>**PETITION FOR WRIT OF MANDAMUS AND DECLARATORY, INJUNCTIVE, AND EMERGENCY RELIEF** |

## I.   INTRODUCTION

1. This action seeks to compel Defendants to perform their nondiscretionary duty to determine whether Plaintiffs' pending T non-immigrant status applications qualify for a Bona Fide Determination ("BFD") or to issue a written denial of such determination.

2. Plaintiffs are three respondents, two adults and one child, who filed complete applications for T non-immigrant status in August 2024 based on severe labor trafficking.

3. Despite the passage of many months, Defendants have failed to issue a BFD or a denial, even though Plaintiffs have received no notice of deficiency, request for evidence, or indication that USCIS is declining to make such a determination.

4. The consequences of Defendants' delay are no longer hypothetical. On December 9, 2025, the lead adult Plaintiff was detained by Immigration and Customs Enforcement ("ICE"), placing Plaintiffs at immediate risk of removal—the precise harm Congress sought to prevent through the BFD process.

5. A BFD would trigger statutory protections, including protection from removal, eligibility for employment authorization, and stability for trafficking survivors. The Defendants' failure to act has exposed the Plaintiffs, including a minor child, to imminent and irreparable harm.

6. Plaintiffs do not ask this Court to grant T visa status. They seek only what the law requires: a timely determination of whether their applications qualify for a BFD.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1361 (mandamus), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 706(1).

8. Venue is proper under 28 U.S.C. § 1391(e) because Defendants are federal agencies and officers acting in their official capacities and Plaintiffs reside in this District.

## III. PARTIES

9. Plaintiffs are: Juan David Quichimbo Sumba (hereinafter Mr. Quichimbo), an adult victim of severe labor trafficking and the principal T visa applicant; Mirian Ximena Abarca Tixe (hereinafter Ms. Abarca), an adult derivative applicant; and CMQA, a minor child and derivative applicant.

10. On December 9, 2025, ICE detained Mr. Quichimbo, subjecting Plaintiffs to immediate risk of removal while their T Visa applications remain pending.

11. Defendant Department of Homeland Security ("DHS") is responsible for the enforcement and administration of immigration laws.

12. Defendant United States Immigration and Customs Enforcement ("USCIS") is the agency charged with adjudicating T visa applications and issuing BFDs.

13. Defendant Kristi Noem, Secretary of DHS, is sued in her official capacity.

14. Defendant Joseph Edlow, Director of USCIS, is sued in his official capacity.

## IV. STATUTORY AND REGULATORY FRAMEWORK

15. Congress created T nonimmigrant status to protect victims of severe forms of trafficking and encourage cooperation with law enforcement. 8 U.S.C. § 1101(a)(15)(T).

16. Under 8 U.S.C. § 1101(a)(15)(T) and 8 C.F.R. § 214.11, USCIS must determine whether a T visa application is bona fide, meaning it is properly filed, complete, and presents prima facie eligibility.

17. USCIS policy requires issuance of a Bona Fide Determination when these criteria are met, which triggers:

    a. Protection from removal;

    b. Eligibility for employment authorization; and

    c. Access to benefits intended for trafficking survivors.

18. The statute and APA require USCIS to adjudicate applications within a reasonable period. 5 U.S.C. § 555(b).

## V. FACTUAL ALLEGATIONS

19. On or about August 15, 2024, USCIS received Plaintiffs' filed Form I-914 applications for T nonimmigrant status with USCIS.

20. The applications included:

a. Detailed declarations and memorandums of law describing the severe labor trafficking endured by the Petitioner;

   b. Evidence of coercion, exploitation, and abuse; and

   c. Supporting documentation demonstrating prima facie eligibility.

21. USCIS accepted the filings and issued receipt notices. *See* T Visa Receipt Notices.

22. Since filing, Plaintiffs have received no request for evidence, no notice of deficiency, no BFD, and no denial.

23. Plaintiffs reasonably fear ICE enforcement actions, including detention or removal, absent a BFD.

24. Defendants' failure to issue or deny a BFD has caused Plaintiffs ongoing harm, including:

   a. Risk of removal;

   b. Inability to lawfully work; and

   c. Continued instability and retraumatization.

## VI.  CLAIMS FOR RELIEF

### COUNT I – Mandamus (28 U.S.C. § 1361)

25. Plaintiffs reallege the foregoing paragraphs and incorporate by reference.

26. Plaintiffs have a clear right to a timely adjudication of whether their T non-immigrant status applications qualify for a Bona Fide Determination. Federal agencies are required to conclude matters presented to them within a reasonable time, and plaintiffs have a legally cognizable right to such action even where the ultimate decision is discretionary. *See* 5 U.S.C. § 555(b); *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63–64 (2004); *Liu v. Novak*, 509 F. Supp. 2d 1, 6 (D.D.C. 2007).

27. Defendants have a clear, nondiscretionary duty to determine whether Plaintiffs' applications qualify for a BFD. While the ultimate grant of T nonimmigrant status is discretionary, Defendants have a nondiscretionary duty to adjudicate Plaintiffs' applications and determine eligibility for threshold protections established by statute and regulation. Courts consistently recognize that an agency's duty to act is mandatory even when the outcome is discretionary. *See* 5 U.S.C. §§ 555(b), 706(1); *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 389 (S.D.N.Y. 2004); *Du v. McAleenan*, No. 18-cv-12303, 2019 WL 3767546, at *4 (D. Mass. Aug. 9, 2019).

28. Defendants have unreasonably delayed performing this duty. Defendants' failure to issue or deny a Bona Fide Determination for over fifteen months constitutes unreasonable delay. Courts routinely hold that extended delays in adjudicating immigration benefits— particularly where liberty and family unity are at stake—are subject to mandamus and APA relief. *See Telecommunications Research & Action Ctr. v. FCC ("TRAC"),* 750 F.2d 70, 80 (D.C. Cir. 1984); *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003); *Du*, 2019 WL 3767546, at *6.

29. Plaintiffs have no alternative legal mechanism to compel USCIS to adjudicate their eligibility for a Bona Fide Determination. Absent mandamus or APA relief, Plaintiffs remain subject to detention and removal without access to the statutory protections Congress intended. *See Ibrahim v. DHS*, 538 F.3d 1250, 1258 (9th Cir. 2008); *Serrato v. Clark,* 486 F.3d 560, 568 (9th Cir. 2007); *Du*, 2019 WL 3767546, at *5.

**COUNT II – Unreasonable Delay (APA 5 U.S.C. §§ 555(b), 706(1))**

30. Plaintiffs reallege the foregoing paragraphs and incorporate by reference.

31. Defendants are required to conclude matters presented to them within a reasonable time. The Administrative Procedure Act expressly requires agencies to proceed to conclude matters presented to them within a reasonable time, and authorizes courts to compel action that is unlawfully withheld or unreasonably delayed. *See* 5 U.S.C. §§ 555(b), 706(1); *Norton*, 542 U.S. at 64; *ICC v. Brotherhood of Locomotive Eng'rs*, 482 U.S. 270, 282 (1987).

32. The delay of over fifteen (15) months in issuing or denying a BFD is unreasonable under the TRAC factors. Applying the TRAC factors, Defendants' fifteen-month delay in issuing or denying a Bona Fide Determination is unreasonable, particularly where Plaintiffs face active ICE detention and imminent removal. Courts routinely find delays of similar or shorter duration unreasonable under analogous circumstances. TRAC, 750 F.2d at 80; *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 742 (E.D. Va. 2008); *Du*, 2019 WL 3767546, at *6.

    a. Factor One, Rule of Reason: The delay of over fifteen (15) months in issuing or denying a Bona Fide Determination lacks a rule of reason. USCIS has taken no substantive action on Plaintiffs' applications despite their acceptance for processing, and no request for evidence or notice of deficiency has been issued. Courts have found comparable delays unreasonable, particularly where the agency fails to articulate a rational timeline for action. *See Telecommunications Research & Action Ctr. v. FCC ("TRAC")*, 750 F.2d 70, 80 (D.C. Cir. 1984); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 742 (E.D. Va. 2008).

    b. Factor Two, Congressional Timetable and Purpose: Congress enacted the T nonimmigrant status framework to provide prompt protection from removal for

victims of severe trafficking while their claims are pending. Defendants' prolonged inaction—allowing detention and potential removal before adjudicating threshold eligibility—directly frustrates this statutory purpose. 8 U.S.C. § 1101(a)(15)(T); Victims of Trafficking and Violence Protection Act; *Gonzalez v. Cuccinelli*, 985 F.3d 357, 375 (4th Cir. 2021).

c. Factor Three, Human Health and Welfare: Delays that affect human health and welfare are entitled to greater judicial scrutiny. Here, the lead Plaintiff is a trafficking survivor who is currently detained by ICE and faces imminent removal. Continued delay exacerbates trauma, threatens physical and psychological safety, and undermines the protections Congress specifically afforded to trafficking victims. *See TRAC*, 750 F.2d at 80; *Du,* 2019 WL 3767546, at *6 (D. Mass. Aug. 9, 2019).

d. Factor Four, Interests Prejudiced by Delay: The interests prejudiced by Defendants' delay are severe and irreparable. Plaintiffs face detention, family separation, and removal—harms that cannot be remedied after the fact. Courts afford substantial weight to such liberty and family-unity interests when assessing unreasonable delay. *See TRAC*, 750 F.2d at 80; *Hassan v. Chertoff,* 593 F.3d 785, 789 (9th Cir. 2010).

e. Factor Five, Effect on Agency Priorities: Requiring Defendants to issue or deny a Bona Fide Determination does not improperly interfere with agency priorities. Plaintiffs do not seek adjudication of the ultimate T visa application, only performance of a discrete, legally required threshold determination. *See Norton v.*

*S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004); *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003).

    f. Factor Six, No Showing of Impropriety Required: Plaintiffs are not required to allege bad faith or impropriety to establish unreasonable delay. The length and consequences of Defendants' inaction alone are sufficient to warrant relief. *See TRAC*, 750 F.2d at 80; *Du*, 2019 WL 3767546, at *6.

33. Weighed together, the TRAC factors overwhelmingly favor Plaintiffs, as Defendants' prolonged inaction, despite Plaintiffs' status as trafficking survivors, the detention of the lead Plaintiff, the presence of a minor child, and the imminent risk of removal, constitutes unreasonable delay warranting judicial intervention.

34. The delay frustrates Congressional intent to protect trafficking victims and prevent their removal. Congress enacted the T visa framework to protect trafficking victims from removal and retraumatization while their claims are pending. Defendants' inaction directly undermines this statutory purpose by allowing enforcement actions to proceed before required threshold protections are adjudicated. *See* 8 U.S.C. § 1101(a)(15)(T); Victims of Trafficking and Violence Protection Act; *Calderon-Rosario v. DHS*, 847 F.3d 378, 381 (6th Cir. 2017).

## COUNT III – Declaratory Relief (28 U.S.C. § 2201)

35. Plaintiffs reallege the foregoing paragraphs and incorporate by reference.

36. An actual controversy exists regarding Defendants' failure to act. An actual and immediate controversy exists where Plaintiffs are detained, face imminent removal, and challenge Defendants' ongoing failure to perform a legally required duty. *See* 28 U.S.C. § 2201(a);

*MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007); *Public Serv. Comm'n v. Wycoff Co.,* 344 U.S. 237, 242 (1952).

37. Plaintiffs seek a declaration that Defendants' delay is unlawful. Declaratory relief is appropriate where, as here, agency inaction violates statutory obligations and places Plaintiffs at continuing risk of irreparable harm. *See* 28 U.S.C. § 2201; *Du*, 2019 WL 3767546, at *7; *Hondros v. U.S. Civil Serv. Comm'n*, 720 F.2d 278, 297 (3d Cir. 1983).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Issue a writ of mandamus compelling Defendants to issue a Bona Fide Determination or a written denial within a court-ordered timeframe;

b. Declare that Defendants' failure to adjudicate Plaintiffs' BFD eligibility is unlawful;

c. Enjoin Defendants from continuing unreasonable delay;

d. Award reasonable attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

e. Grant such other relief as the Court deems just and proper.

## VIII. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court exercise its authority to ensure that Defendants perform their legally required duties without further delay. Plaintiffs do not seek a determination on the merits of their T nonimmigrant status applications, but only a prompt issuance or denial of a Bona Fide Determination, as required by law. Defendants' prolonged inaction has placed Plaintiffs— including a trafficking survivor currently detained by ICE and a minor child—at imminent risk of irreparable harm. Judicial intervention is therefore

necessary to preserve the statutory protections Congress intended and to prevent removal before Defendants fulfill their mandatory obligations.

<table>
<tr><td>

Date:  12/19/2025

</td><td>

Respectfully submitted,
Juan David Quichimbo Sumba, et al.,
By Their Counsel,

  *//s// Elizabeth Shaw*
Elizabeth Shaw, Esq.
Law Offices of Rachel L. Rado, LLC
175 Portland Street, 2nd Floor
Boston, MA 02114
(t) 617-871-6030 | (f) 877-246-8795
(e) eshaw@rachelradolaw.com

</td></tr>
</table>

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

    I represent Petitioner, Juan David Quichimbo Sumba, et al., and submit this verification on his behalf. I hereby verify that the foregoing Petition for Writ of Mandamus and Declaratory, Injunctive, and Emergency Relief was served on Respondents via EM/CF on this day.

Date:  12/19/2025                           //s// Elizabeth Shaw
                                                              Elizabeth Shaw, Esq.
                                                              Law Offices of Rachel L Rado, LLC
                                                              eshaw@rachelradolaw.com