**Elizabeth Shaw, Esq.**
**Law Offices of Rachel L Rado, LLC**
**175 Portland St Fl 2**
**Boston, MA 02114**
**617-871-6030**
**eshaw@rachelradolaw.com**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# BOSTON DIVISION

| | |
|---|---|
| JUAN DAVID QUICHIMBO SUMBA, MIRIAN XIMENA ABARCA TIXE, and C.M.Q.A. (minor),<br><br>Petitioners,<br><br>v.<br><br>JOSEPH EDLOW, Director of USCIS, et al.<br>Respondents | Civil Case No. **1:25−CV−13911−BEM**<br><br>**EX PARTE MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER, STAY OF REMOVAL, AND IMMEDIATE ACTION** |

## I.   INTRODUCTION

Petitioners respectfully move ex parte for a temporary restraining order ("TRO") staying removal of the lead Petitioner, Juan David Quichimbo Sumba, and for immediate adjudication of this motion pursuant to Federal Rule of Civil Procedure 65(b).

As alleged in the pending Petition for Writ of Mandamus, Petitioners are two adults and one minor child who filed complete applications for T non-immigrant status in August 2024, and for whom Respondents have failed for over fifteen months to issue or deny a Bona Fide Determination ("BFD"). On December 9, 2025, ICE detained Mr. Quichimbo, placing Petitioners at immediate risk of removal.

In a related habeas proceeding pending in this District, Respondents have now formally notified the Court that ICE intends to transfer Mr. Quichimbo out of the District of Massachusetts for the purpose of effectuating his removal, no earlier than forty-eight hours from February 2, 2026. Removal is therefore imminent.

Absent immediate judicial intervention, Respondents will remove Mr. Quichimbo before USCIS performs its nondiscretionary duty to issue or deny a BFD. Removal would irreparably harm Petitioners, including a minor child, and would moot the pending mandamus action, depriving this Court of jurisdiction.

Petitioners do not seek adjudication of the merits of their T visa applications or review of any final order of removal. They seek only temporary, jurisdiction-preserving relief to allow Respondents to perform a legally required threshold determination.

## II.     FACTUAL BACKGROUND

1. Petitioners filed applications for T non-immigrant status in August 2024 based on severe labor trafficking, which USCIS accepted for processing.

2. Respondents have failed to issue or deny a Bona Fide Determination for over fifteen months, despite issuing no request for evidence or notice of deficiency.

3. On December 9, 2025, ICE detained the lead Petitioner, Juan David Quichimbo Sumba.

4. In a related habeas action pending in this District, Respondents filed a Notice of Intent to Transfer, advising that ICE intends to transfer Mr. Quichimbo out of the District of Massachusetts in order to effectuate his removal. *See* Notice of Intent to Transfer.

5. This notice confirms that removal is not speculative but imminent, and that transfer is a necessary step toward removal.

6. In the related habeas proceeding, the district court denied relief on jurisdictional grounds, concluding that it lacked authority to grant the requested relief on February 4, 2025. As a result, Petitioners have no alternative judicial mechanism to prevent removal while USCIS performs the nondiscretionary duty at issue in this mandamus action.

7. Petitioners also sought a stay of removal from the Board of Immigration Appeals in connection with a pending motion to reopen based on ineffective assistance of prior counsel. The Board denied a stay, leaving Petitioners without any administrative protection from imminent removal.

8. If Mr. Quichimbo is transferred and removed before USCIS issues or denies a BFD, Petitioners' pending T visa applications will be rendered functionally moot, and this Court will be deprived of jurisdiction to adjudicate the mandamus claims presently before it.

## III. LEGAL STANDARD

A temporary restraining order may issue without notice where specific facts show that immediate and irreparable injury will occur before the adverse party can be heard. Fed. R. Civ. P. 65(b)(1).

In determining whether to grant emergency relief, courts consider: (1) likelihood of success on the merits; (2) irreparable harm; (3) balance of equities; and (4) the public interest. *See Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008); *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011).

IV.   ARGUMENT

A. **Ex Parte Relief and Immediate Adjudication Are Warranted**

Ex parte relief is warranted because Respondents have already represented to a federal court that ICE intends to transfer the lead Petitioner out of the District for the express purpose of effectuating removal. Any delay in providing notice would create a substantial risk that Petitioners would be removed before this Court could act, thereby mooting this action and causing irreparable harm. Rule 65(b) exists to prevent precisely this type of jurisdiction-defeating harm.

This Court has authority to issue temporary relief to preserve its jurisdiction and prevent mootness of a pending mandamus action. Where removal would extinguish the Court's ability to compel agency action required by law, a temporary stay is appropriate to maintain the status quo pending adjudication. Petitioners seek no review of the final order of removal, only limited relief necessary to ensure that Respondents perform a nondiscretionary duty already before the Court.

B. **Plaintiffs Are Likely to Succeed on the Merits**

As set forth in the Petition for Writ of Mandamus, Petitioners are likely to succeed on their claims that Respondents have unlawfully withheld or unreasonably delayed a nondiscretionary agency action—namely, issuing or denying a Bona Fide Determination.

Federal law requires agencies to conclude matters presented to them within a reasonable time and authorizes courts to compel action unlawfully withheld or unreasonably delayed. *See* 5 U.S.C. §§ 555(b), 706(1); *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004).

A fifteen-month delay in issuing or denying a threshold protection intended to prevent removal, particularly where the lead Petitioner is detained and facing imminent removal, is unreasonable.

### C. Plaintiffs Will Suffer Immediate and Irreparable Harm Absent a TRO

Absent emergency relief, Petitioners face immediate and irreparable harm. Removal would permanently separate a family, retraumatize a trafficking survivor, deprive Petitioners of statutory protections, and moot this action before judicial review is possible. Removal and family separation constitute irreparable harm as a matter of law. *Nken v. Holder,* 556 U.S. 418, 435 (2009).

Further, removal would irreparably prejudice the Petitioners' pending T non-immigrant status applications. The statutory and regulatory framework governing T Visas contemplates that applicants remain in the United States while USCIS determines whether their applications are bona fide and whether statutory protections apply. If Petitioners are removed before USCIS performs this threshold determination, the relief sought in the mandamus petition will be rendered meaningless.

### D. The Balance of the Equities and Public Interest Favors Relief

Petitioners seek only a temporary stay to preserve the status quo while Respondents perform a legally required threshold determination. Respondents suffer no prejudice from a brief pause in enforcement, while Petitioners face catastrophic and irreversible harm absent relief.

The public interest favors agency compliance with statutory mandates and the protection of trafficking victims from premature removal.

## V. REQUEST FOR RELIEF

Petitioners respectfully request that the Court:

1. Immediately issue an ex parte Temporary Restraining Order staying the removal of Juan David Quichimbo Sumba solely for the purpose of preserving the Court's jurisdiction

pending adjudication of Petitioners' mandamus claim**s** and restraining Respondents from transferring Petitioners out of the District of Massachusetts;

2. Order that the TRO remain in effect pending Respondents' issuance of a Bona Fide Determination or denial, or until further order of the Court;

3. Waive any bond requirement; and

4. Grant such other and further relief as the Court deems just and proper.

## VI.     CONCLUSION

Immediate judicial intervention is necessary to preserve this Court's jurisdiction, prevent irreparable harm to trafficking survivors and a minor child, and ensure that Respondents perform their legally required duties. Petitioners respectfully request immediate adjudication of this motion and issuance of emergency relief

Respectfully submitted,
Juan David Quichimbo Sumba, et al.,
By Their Counsel,

   //s// Elizabeth Shaw_____
Elizabeth Shaw, Esq.
Law Offices of Rachel L. Rado, LLC
175 Portland Street, 2nd Floor
Boston, MA 02114
(t) 617-871-6030 | (f) 877-246-8795
(e) eshaw@rachelradolaw.com

Date:  2/4/2026_____

**CERTIFICATION PURSUANT TO FRCP 65(b)(1)(B)**

I certify pursuant to Federal Rule of Civil Procedure 65(b)(1)(B) that notice of Plaintiffs' request for a temporary restraining order should not be required because the lead Plaintiff is currently detained by Immigration and Customs Enforcement and faces imminent removal, and providing notice to Defendants would risk removal before the Court can adjudicate Plaintiffs' request for emergency relief, thereby mooting this action and causing immediate and irreparable harm to Plaintiffs, including a minor child.

Date: __2/4/2026__                                             ___//s// Elizabeth Shaw_____
                                                                               Elizabeth Shaw, Esq.
                                                                               Law Offices of Rachel L Rado, LLC
                                                                               eshaw@rachelradolaw.com


**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Juan David Quichimbo Sumba, et al., and submit this verification on his behalf. I hereby verify that the foregoing Ex Parte Emergency Motion for Temporary Restraining Order, Stay of Removal, and Immediate Action was served on Respondents via EM/CF on this day.

Date: __2/4/2026__                                             ___//s// Elizabeth Shaw_____
                                                                               Elizabeth Shaw, Esq.
                                                                               Law Offices of Rachel L Rado, LLC
                                                                               eshaw@rachelradolaw.com