**Elizabeth Shaw, Esq.**
**Law Offices of Rachel L Rado, LLC**
**175 Portland St Fl 2**
**Boston, MA 02114**
**617-871-6030**
**eshaw@rachelradolaw.com**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | |
|---|---|
| JUAN DAVID QUICHIMBO SUMBA, MIRIAN XIMENA ABARCA TIXE, and C.M.Q.A. (minor),<br><br>    Plaintiffs,<br><br>v.<br><br>JOSEPH EDLOW, Director of USCIS, et al.<br>    Defendants | Civil Case No. **1:25−CV−13911−BEM**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE THE TEMPORARY RESTRAINING ORDER** |

## I.    INTRODUCTION

Defendants move to dissolve a Temporary Restraining Order entered for the limited purpose of preserving the Court's ability to consider the claims raised in the complaint. Doc. No. 10-1. They identify no change in circumstances since the Order was issued and no clear legal error warranting dissolution. Instead, Defendants press jurisdictional arguments that go to the merits of this action and seek dissolution before the Court has had an opportunity to consider them.

Because dissolving the TRO now would defeat its expressly stated purpose and effectively foreclose meaningful judicial review, Defendants' motion should be denied.

## II.     ARGUMENT

### II.A. Defendants Have Not Established Any Basis for Dissolving the Temporary Restraining Order

Defendants contend that Plaintiffs bear the burden of justifying continued injunctive relief. Even assuming arguendo that the general principle applies, Plaintiffs have satisfied any such burden here. The Temporary Restraining Order was entered for the limited purpose of preserving the Court's ability to consider the claims raised in the complaint, and the circumstances necessitating that relief remain unchanged.

Defendants do not identify any error in the Court's reasoning or application of law; they argue only that the Court should ultimately reach a different jurisdictional conclusion. That disagreement does not constitute a clear error warranting dissolution of a jurisdiction-preserving order at this stage. A court may dissolve or modify injunctive relief only upon a showing of changed circumstances or clear error in the original ruling. *See System Federation No. 91 v. Wright*, 364 U.S. 642, 647–48 (1961); *see also Favia v. Indiana Univ. of Pa.,* 7 F.3d 332, 337 (3d Cir. 1993). Defendants make no such showing here. USCIS has not adjudicated the application at issue, the Court has not yet resolved the jurisdictional or merits questions presented, and removal would still deprive the Court of the ability to provide meaningful judicial review.

The cases Defendants cite involve ordinary TROs issued on the merits of the underlying dispute. This case is different. The Court expressly invoked *United States v. United Mine Workers of America*, 330 U.S. 258, 293 (1947), and restrained removal "so that the Court may consider the claims raised in the complaint." Where a TRO is entered to preserve the status quo while the Court determines its own authority, dissolution is appropriate only if continued restraint is no longer necessary or jurisdiction is plainly foreclosed. Defendants have made no such showing.

### II.B. Dissolution Would Defeat the Express Purpose of the Court's Order

The Court restrained Defendants from removing Mr. Quichimbo Sumba "so that the Court may consider the claims raised in the complaint." That consideration has not yet occurred. Dissolving the TRO now would defeat the Court's expressly stated purpose and permit Defendants to take unilateral action that would effectively foreclose the Court's review before it occurs.

Defendants' motion, therefore, seeks to undo a procedural, status-quo-preserving order before the jurisdictional and merits questions have been addressed. That result is inconsistent with the limited nature of the relief the Court granted.

### II.C. Defendants Mischaracterize Judge O'Toole's Ruling

Defendants assert that Plaintiffs improperly sought relief from this Court after Judge O'Toole denied relief in a separate habeas action and suggest that his decision rested on jurisdictional grounds under 8 U.S.C. § 1252(g). That characterization is speculative.

Judge O'Toole denied relief during a status conference and expressly stated that a written explanation would follow. As of the filing of Defendants' motion, no statement of reasons has been issued. Defendants, therefore, have no basis to attribute any particular reasoning to that ruling, much less to claim that it resolved the distinct jurisdictional questions presented in this separate APA and mandamus action.

Moreover, the habeas proceeding involved different claims, a different statutory posture, and different requested relief. This Court's authority to preserve the status quo while determining its own jurisdiction is unaffected by an unreasoned ruling in a separate action.

### II.D. Defendants' Judge-Shopping Allegation Is Unfounded

Defendants' suggestion that Plaintiffs engaged in improper "judge shopping" is misplaced. Plaintiffs did not seek reconsideration of Judge O'Toole's ruling from another session of the Court,

nor did they ask this Court to review or reverse that decision. They filed a separate APA and mandamus action raising distinct claims prior to the conclusion of their habeas proceeding, which was randomly assigned to the Hon. Judge Murphy.

This Court independently exercised its authority to enter a limited order preserving the status quo while determining its jurisdiction. Defendants' characterization does not provide a basis for dissolving the Court's Order.

### II.E. Defendants' Section 1252(g) Arguments Go to the Merits and Do Not Warrant Dissolution

As an initial matter, federal courts possess inherent authority to determine their own jurisdiction. *See Brownback v. King*, 592 U.S. 209, 218 (2021) ("[A] federal court always has jurisdiction to determine its own jurisdiction."). Where jurisdiction is disputed but unresolved, courts may preserve the status quo to ensure that jurisdictional questions are decided in an orderly manner. Dissolving a status-quo-preserving order before that determination is made would invert that principle.

Defendants argue that 8 U.S.C. § 1252(g) deprives this Court of jurisdiction to restrain removal. Whether § 1252(g) ultimately limits the relief available in this action is a merits question the Court has not yet decided. It does not justify dissolving a TRO entered to preserve the Court's ability to decide that issue.

Defendants' reliance on *Tejada v. Cabral*, 424 F. Supp. 2d 296 (D. Mass. 2006) is misplaced. *Tejada* addressed whether a district court could issue a merits-based stay of removal under the All Writs Act after concluding that it lacked jurisdiction under § 1252(g). It did not consider nor foreclose a court's inherent authority to temporarily preserve the status quo while determining whether jurisdiction exists in the first place.

Courts have repeatedly recognized that § 1252(g) is a "narrow" jurisdiction-stripping provision aimed at shielding discretionary prosecutorial decisions, not at foreclosing review of antecedent legal constraints on agency authority. *See Reno v. American-Arab Anti-Discrimination Committee,* 525 U.S. 471, 482–87 (1999). Accordingly, courts retain authority to consider "purely legal question[s] that do not challenge the Attorney General's discretionary authority, even if the answer to that legal question forms the backdrop against which discretion later will be exercised." *United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004) (en banc); *see also D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355, 376–78 (D. Mass. 2025). Defendants' § 1252(g) arguments therefore go to the merits of Plaintiffs' claims, not to whether the Court may temporarily preserve the status quo while it decides them.

This Court's recent decision in *Oliveira v. Edlow* further confirms the propriety of maintaining interim relief while jurisdictional questions are adjudicated. There, the Court issued a temporary restraining order "to preserve the status quo and to give it time to assess its own jurisdiction," before requiring full merits briefing or permitting removal to proceed. *See Oliveira v. Edlow*, No. 25-13228-BEM, slip op. at 10 (D. Mass. Dec. 4, 2025). The Court emphasized that § 1252(g) is a "narrow" provision and that courts must focus on the agency action being challenged, not the relief sought, when assessing jurisdiction. *Id.* at 13–16. As in *Oliveira*, Defendants' arguments here go to the ultimate scope of the Court's jurisdiction and the merits of Plaintiffs' APA claims, not to whether the Court may temporarily preserve existing conditions while it decides those questions.

Here, the Court has not resolved the jurisdictional questions presented. To the contrary, it entered a limited Temporary Restraining Order "so that the Court may consider the claims raised

in the complaint," invoking *United States v. United Mine Workers of America*, 330 U.S. 258 (1947). *Tejeda*, therefore, does not require dissolution of the Court's Order at this stage.

Plaintiffs do not ask the Court to resolve the jurisdictional question at this time. They ask only that the Court maintain existing conditions long enough to decide it.

### II.F. Defendants' Public-Interest Arguments Do Not Justify Dissolution

Defendants contend that the TRO harms the public interest by delaying execution of a removal order. The Court has already weighed the equities and entered a narrow, temporary restraint to preserve judicial review.

The public interest is also served by ensuring that courts are able to adjudicate properly presented claims without executive action preempting review. Maintaining the TRO while the Court considers the parties' arguments promotes orderly adjudication and respect for the judicial process.

### III.    CONCLUSION

Defendants have not shown changed circumstances, clear legal error, or any other basis for dissolving the Temporary Restraining Order. Because dissolution would defeat the Court's expressly stated purpose and effectively foreclose meaningful judicial review, Defendants' motion should be denied.

Plaintiffs stand ready to proceed on an expedited schedule should the Court wish to resolve the jurisdictional issues promptly.

                                            Respectfully submitted,
                                            Juan David Quichimbo Sumba, et al.,
                                            By Their Counsel,

                                            ___*//s// Elizabeth Shaw*_____
                                            Elizabeth Shaw, Esq.
                                            Law Offices of Rachel L. Rado, LLC
                                            175 Portland Street, 2nd Floor
                                            Boston, MA 02114
                                            (t) 617-871-6030 | (f) 877-246-8795
Date: _2/6/2026_____                           (e) eshaw@rachelradolaw.com

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

      I represent Petitioner, Juan David Quichimbo Sumba, et al., and submit this verification on his behalf. I hereby verify that the foregoing Petitioner's Opposition to Motion to Dissolve Temporary Restraining Order was served on Respondents via EM/CF on this day.

Date: _2/6/2026_____                           ____//s// Elizabeth Shaw_____
                                                Elizabeth Shaw, Esq.
                                                Law Offices of Rachel L Rado, LLC
                                                eshaw@rachelradolaw.com