Elizabeth Shaw, Esq.
Law Offices of Rachel L Rado, LLC
175 Portland St Fl 2
Boston, MA 02114
617-871-6030
eshaw@rachelradolaw.com

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS
### BOSTON DIVISION

| | |
|---|---|
| JUAN DAVID QUICHIMBO SUMBA, MIRIAN XIMENA ABARCA TIXE, and C.M.Q.A. (minor),<br><br>Petitioners,<br><br>v.<br><br>JOSEPH EDLOW, Director of USCIS, et al.<br>Respondents | Civil Case No. **1:25−CV−13911−BEM**<br><br>**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR EXPEDITED BRIEFING** |

## I.      INTRODUCTION

Plaintiffs respectfully move pursuant to Federal Rule of Civil Procedure 65(a) for a preliminary injunction preserving the status quo pending adjudication of the claims in this action.

This case challenges Defendants' prolonged failure—now exceeding fifteen months—to conduct the review required to determine whether Plaintiffs' properly filed T non-immigrant status applications qualify for a Bona Fide Determination ("BFD") under 8 C.F.R. § 214.205. Plaintiffs do not seek adjudication of the ultimate merits of their T visa applications. Plaintiffs seek only that USCIS conduct the threshold review required to determine whether additional evidence is needed or whether a Bona Fide Determination is warranted.

The Court previously entered a Temporary Restraining Order restraining removal to preserve its ability to consider Plaintiffs' claims. The Court has since denied Defendants' motion to dissolve, concluding that 8 U.S.C. § 1252(g) does not deprive this Court of jurisdiction over Plaintiffs' APA and mandamus claims.

The risk that justified the TRO remains. If Plaintiff Juan David Quichimbo Sumba is removed before USCIS conducts the required review and issues or denies a BFD, Plaintiffs' T visa applications will be rendered functionally moot and this Court's ability to provide meaningful judicial review will be extinguished.

Plaintiffs therefore respectfully request that the Court enter a preliminary injunction enjoining Defendants from executing removal pending issuance or denial of a Bona Fide Determination or further order of the Court. Plaintiffs further request that the Court convert the TRO hearing record into the record for purposes of this motion and establish an expedited briefing schedule. The requested injunction does not challenge the validity of the removal order; it preserves the Court's jurisdiction over Plaintiffs' APA claim.

## II. PROCEDURAL BACKGROUND

Plaintiffs filed this action under the Mandamus Act and the Administrative Procedure Act, alleging unlawful withholding and unreasonable delay in the review of their T visa applications.

After learning that ICE intended to effectuate Mr. Quichimbo's removal imminently, Plaintiffs moved ex parte for emergency relief. The Court granted a Temporary Restraining Order restraining removal to preserve the status quo while it considered the claims.

Defendants moved to dissolve the TRO, arguing that § 1252(g) deprived this Court of jurisdiction to restrain removal. The Court rejected that argument and denied the motion, holding

that § 1252(g) is a jurisdiction-limiting provision and does not bar relief where subject matter jurisdiction over the underlying claims exists.

The underlying circumstances remain unchanged: USCIS has not issued or denied a BFD, and removal remains a live risk.

### III.   LEGAL STANDARD

A preliminary injunction may issue upon a showing of:

1. Likelihood of success on the merits;

2. Irreparable harm absent relief;

3. Balance of equities in the movant's favor; and

4. That the injunction serves the public interest.

*Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7 (2008); *Sindicato Puertorriqueño de Trabajadores v. Fortuño*, 699 F.3d 1, 10 (1st Cir. 2012); *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011).

Likelihood of success is the "sine qua non" of the preliminary injunction inquiry. *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

Where the government is the opposing party, the balance-of-equities and public-interest factors merge. *See Nken v. Holder*, 556 U.S. 418, 435 (2009); *see also Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc.,* 794 F.3d 168, 176 (1st Cir. 2015).

IV.     ARGUMENT

    a. **Plaintiffs are Likely to Succeed on the Merits**

        i. **Plaintiffs Seek Compulsion of a Discrete Agency Action Required by Law**

The Administrative Procedure Act authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The Supreme Court has explained that § 706(1) applies where an agency fails to take a "discrete agency action that it is required to take." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) ("SUWA").

Plaintiffs do not seek to compel approval of their T visa applications or dictate the substance of any adjudicative determination. Rather, they seek to compel the initiation and completion of the threshold review that the governing regulatory framework presupposes. Without that review, none of the regulatory outcomes contemplated by 8 C.F.R. § 214.205—approval, request for additional evidence, denial, or issuance of a Bona Fide Determination—can occur.

The action at issue is therefore the agency's initial review of a properly filed application. That review constitutes a discrete step within the adjudicative process. Plaintiffs allege that it has not occurred.

        ii. **The Regulatory Framework Necessarily Contemplates Initial Review, and the APA Requires It Within a Reasonable Time**

The governing regulation presupposes that USCIS will conduct a review of a pending T visa application to determine whether additional evidence is required and whether eligibility requirements are satisfied.

USCIS cannot determine whether a Request for Evidence ("RFE") is necessary without first examining the application as filed, including whether required components have been

submitted and whether initial background checks have been completed and reviewed. Likewise, the regulation provides that once eligibility requirements are met, the application will be approved or, if the statutory cap has been reached, a Bona Fide Determination will issue. 8 C.F.R. § 214.205(a)(2). The decision whether additional evidence is required necessarily presupposes such a review. Nothing in 8 C.F.R. § 214.205 permits USCIS to refrain indefinitely from reviewing a properly filed application submitted before August 28, 2024. To the contrary, once USCIS conducts the review required to assess eligibility, the regulation provides that an application that meets all eligibility requirements will be approved or, if the statutory cap has been reached, will receive a Bona Fide Determination. 8 C.F.R. § 214.205(a)(2).

The structure of the regulation contemplates review followed by one of several outcomes: approval, issuance of an RFE, denial, or issuance of a BFD. The regulation does not appear to contemplate prolonged non-review. Defendants' contrary interpretation would effectively preclude Bona Fide Determinations for pre–August 28, 2024 applicants, regardless of completeness or length of pendency. That reading is inconsistent with the structure and purpose of the regulation, including the interim protections specifically tied to issuance of a Bona Fide Determination. See 8 C.F.R. §§ 214.205(c), (g).

The First Circuit has cautioned that regulatory interpretation must respect the "structure and design" of the regulatory scheme as a whole. *See Gonzalez v. U.S. Citizenship & Immigr. Servs.*, 985 F.3d 357, 369 (1st Cir. 2021) (examining regulatory structure in immigration context). Here, the structure of 8 C.F.R. § 214.205 contemplates review followed by one of several outcomes: approval, issuance of an RFE, denial, or issuance of a Bona Fide Determination. It does not contemplate indefinite non-review.

Courts must interpret regulations in a manner that gives effect to all provisions and avoids rendering protective mechanisms meaningless. *See United States v. Pitrone*, 115 F.3d 1, 5 (1st Cir. 1997) (regulatory provisions must be read harmoniously).

Defendants' interpretation of permitting indefinite non-review of pre–August 28, 2024 applications would effectively nullify the Bona Fide Determination framework for an entire class of applicants. That reading is inconsistent with the regulatory structure and purpose. Thus, while USCIS retains discretion regarding ultimate adjudication, regulation does not suggest that USCIS may defer initial review without temporal limitation.

### iii. Even Where Timing is Not Specified, the APA Requires Action Within a Reasonable Time

The regulation does not specify a fixed timeline, but the structure of 8 C.F.R. § 214.205 reflects that USCIS must examine a pending T visa application to determine whether eligibility requirements are met or whether additional evidence is required. USCIS cannot determine whether to issue a Request for Evidence without first reviewing the application as filed. Likewise, § 214.205(a)(2) provides that once eligibility requirements are satisfied, the application will be approved or, if the statutory cap has been reached, a Bona Fide Determination will issue.

The regulation does not specify a fixed timeline for conducting a review. However, the absence of a deadline does not authorize indefinite non-review. The APA independently provides that an agency "shall proceed to conclude a matter presented to it within a reasonable time." 5 U.S.C. § 555(b). Section 706(1) authorizes courts to compel action that is unreasonably delayed. 5 U.S.C. § 706(1).

The First Circuit has recognized that courts may require agencies to act where delay effectively nullifies a legal obligation. *See Town of Barnstable v. FAA*, 659 F.3d 28, 31–32 (1st Cir.

2011); *Conservation Law Found. v. EPA*, 964 F.3d 35, 45 (1st Cir. 2020). Even where agencies retain discretion over sequencing, that discretion does not extend to declining to initiate review altogether.

### iv. The Delay Is Unreasonable Under TRAC

Claims of unreasonable delay are evaluated under the framework set forth in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984). Under *TRAC*, courts consider whether agency action is governed by a "rule of reason," whether Congress has indicated the speed with which it expects the agency to proceed, whether human welfare is implicated, the effect of expediting action on competing priorities, the interests prejudiced by delay, and whether impropriety must be shown. *Id.* at 80. Application of those factors supports relief here.

First, more than 15 months have passed without initiating the review necessary to determine whether additional evidence is required or whether eligibility requirements are satisfied. USCIS has neither requested additional documentation nor articulated any timeline. The absence of articulated standards or movement weighs against a finding of reasonableness.

Second, Congress created the T visa framework to protect victims of trafficking from removal while their eligibility is evaluated, even if they have a removal order. Delays in conducting threshold reviews undermine that protective structure.

Third, the delay affects human welfare and liberty interests. Plaintiff Quichimbo remains subject to removal and detained by Respondents while the agency has not completed the initial review contemplated by regulation. Although the regulation does not establish a specific timeline for detained applicants, detention heightens the prejudice resulting from delay and weighs heavily under TRAC's human-welfare and prejudice factors.

Fourth, requiring initiation of review does not direct the substance of adjudication or mandate preferential placement within the agency's queue. Plaintiffs do not seek immediate approval or reordering of priorities. They seek only the commencement of the review that the regulatory framework presupposes. While agencies retain discretion in allocating resources, *see Aguilar v. U.S. Immigration & Customs Enforcement Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 20 (1st Cir. 2007), such discretion does not encompass indefinite failure to begin the adjudicative process.

Fifth, the interests prejudiced by delay are substantial. Removal before threshold review would moot Plaintiffs' pending applications and foreclose judicial review of their unreasonable delay claim.

Finally, *TRAC* does not require a showing of bad faith. 750 F.2d at 80. The length and consequences of the delay may suffice. On this record, Plaintiffs have shown a likelihood of success on their claim that Defendants have unlawfully withheld or unreasonably delayed required agency action.

### b. Plaintiffs Will Suffer Irreparable Harm Absent Relief

If removal occurs before USCIS conducts the initial review and issues or denies a Bona Fide Determination, Plaintiffs' pending T visa applications will become functionally moot, and this Court's ability to adjudicate Plaintiffs' unreasonable delay claim will be extinguished. Loss of meaningful judicial review constitutes irreparable harm. *See Town of Barnstable v. FAA*, 659 F.3d 28, 31–32 (1st Cir. 2011).

In addition, removal itself constitutes serious and potentially irreparable injury. *See Nken v. Holder*, 556 U.S. 418, 435 (2009); *Arevalo v. Ashcroft*, 344 F.3d 1, 9 (1st Cir. 2003). Plaintiff

Quichimbo remains subject to removal and detention until the agency completes the threshold review contemplated by the regulation.

These harms cannot be remedied through monetary relief or after-the-fact adjudication. Plaintiffs have therefore satisfied the irreparable-harm requirement. *See Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 18 (1st Cir. 1996).

### c. The Balance of the Equities Favors Relief

Where the government is the opposing party, the balance-of-equities and public-interest factors merge. *See Nken*, 556 U.S. at 435; *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc.*, 794 F.3d 168, 176 (1st Cir. 2015).

The requested injunction is narrow. It would preserve the status quo while USCIS conducts the review contemplated by regulation. It would not grant immigration status, vacate a removal order, or dictate the substance of any adjudicative determination.

By contrast, absent relief, Plaintiffs face removal before the agency performs the threshold review required to evaluate their eligibility for statutory protections.

The public interest includes ensuring agency compliance with governing statutes and regulations and preserving meaningful judicial review. *See Conservation Law Found. v. EPA*, 964 F.3d 35, 45 (1st Cir. 2020). Congress enacted the T visa framework to protect trafficking victims during the adjudicative process. Requiring the agency to proceed within a reasonable time is consistent with that statutory design.

On balance, the equities and public interest favor maintaining the status quo pending adjudication of Plaintiffs' APA claim. Federal Rule of Civil Procedure 65(c) provides that a court may require security before issuing a preliminary injunction. Plaintiffs respectfully submit that no bond is warranted here. The requested injunction preserves the status quo, imposes no monetary

injury on Defendants, and serves to maintain the Court's jurisdiction pending adjudication of Plaintiffs' APA claim.

V.    **REQUEST TO CONVERT TRO RECORD AND FOR EXPEDITED BRIEFING**

Plaintiffs respectfully request that the Court:

1. Convert the existing TRO hearing record into the record for purposes of adjudicating this Motion for Preliminary Injunction; and

2. Establish an expedited briefing schedule in light of the continuing risk of removal.

   Plaintiffs propose:

   Defendants' opposition: 7 days from entry of scheduling order;

   Plaintiffs' reply: 5 days thereafter.

Plaintiffs stand ready to proceed promptly and to appear for a hearing at the Court's earliest convenience.

VI.    **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1. Enter a Preliminary Injunction enjoining Defendants from executing the removal of Juan David Quichimbo Sumba pending issuance or denial of a Bona Fide Determination or further order of this Court;

2. Convert the TRO record into the preliminary injunction record;

3. Establish an expedited briefing; and

4. Grant such further relief as the Court deems just and proper.

                                        Respectfully submitted,
                                        Juan David Quichimbo Sumba, et al.,
                                        By Their Counsel,

                                        _//s// *Elizabeth Shaw*_____
                                        Elizabeth Shaw, Esq.
                                        Law Offices of Rachel L. Rado, LLC
                                        175 Portland Street, 2nd Floor
                                        Boston, MA 02114
                                        (t) 617-871-6030 | (f) 877-246-8795

Date: _2/18/2026_____                (e) eshaw@rachelradolaw.com

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

      I represent Petitioner, Juan David Quichimbo Sumba, et al., and submit this verification on his behalf. I hereby verify that the foregoing Motion for Preliminary Injunction and Request for Expedited Briefing was served on Respondents via EM/CF on this day.

Date: _2/18/2026_____                                    _//s// Elizabeth Shaw_____
                                                                     Elizabeth Shaw, Esq.
                                                                     Law Offices of Rachel L Rado, LLC
                                                                     eshaw@rachelradolaw.com