**Elizabeth Shaw, Esq.**
**Law Offices of Rachel L Rado, LLC**
**175 Portland St Fl 2**
**Boston, MA 02114**
**617-871-6030**
**eshaw@rachelradolaw.com**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

| | |
|---|---|
| JUAN DAVID QUICHIMBO SUMBA, MIRIAN XIMENA ABARCA TIXE, and C.M.Q.A. (minor),<br><br>                        Petitioners,<br><br>v.<br><br>JOSEPH EDLOW, Director of USCIS, et al.<br>                        Respondents | Civil Case No. **1:25−CV−13911−BEM**<br><br>**PLAINTIFFS' SUPPLEMENTAL RESPONSE REGARDING § 1252(g) AND MATERIAL DEVELOPMENT IN T VISA APPLICATION** |

Plaintiffs respectfully submit this supplemental response to address Defendants' reliance on 8 U.S.C. § 1252(g), to incorporate a material development, and to demonstrate that the preliminary injunction standard under *Winter* is satisfied.

**I.    SECTION 1252(g) DOES NOT BAR THIS COURT'S AUTHORITY TO PRESERVE ITS JURISDICTION OVER PLAINTIFFS' APA CLAIM**

In its Order denying Respondents' Motion to Dissolve (Dkt. No. 20), the Court concluded that § 1252(g) is a jurisdiction-limiting provision and does not divest this Court of subject-matter jurisdiction over Plaintiffs' unreasonable-delay claims. The Court further recognized its authority to preserve the status quo while adjudicating those claims.

Plaintiffs do not revisit that reasoning. Instead, they submit that the same analysis governs the present motion.

### a. Plaintiffs' Claim Does Not "Arise From" Execution of a Removal Order

Plaintiffs' cause of action challenges USCIS's prolonged failure to conduct the threshold review contemplated by 8 C.F.R. § 214.205. The claim does not seek review of the validity of the removal order, nor does it challenge the Government's discretionary decision to execute that order as such. Rather, the removal issue arises only because execution of the order would moot the pending T visa applications and extinguish the Court's ability to adjudicate the APA claim.

As the Court observed in Dkt. No. 20, § 1252(g) limits jurisdiction over claims arising from three discrete actions: commencement of proceedings, adjudication of cases, or execution of removal orders. Plaintiffs' unreasonable delay claim concerns none of those discrete prosecutorial acts.

The requested injunction does not transform the nature of the underlying claim. It preserves the Court's existing jurisdiction over that claim.

### b. Preservation of Jurisdiction is Distinct from Review of Removal

In denying the Defendants' Motion to Dissolve, this Court carefully distinguished between jurisdiction and remedial authority and recognized that § 1252(g) does not eliminate the Court's ability to determine its own jurisdiction or to preserve its ability to decide the claims before it.

The preliminary injunction sought here serves that same jurisdiction-preserving function. It does not purport to invalidate, reconsider, or review the removal order. It temporarily maintains conditions necessary for the adjudication of the APA claim.

Defendants' position would effectively require that removal proceed before the Court resolves whether USCIS has unlawfully withheld required agency action. That sequencing would effectively moot the unreasonable delay claim before the Court resolves it.

Nothing in § 1252(g), as interpreted by this Court, compels that result.

## II. MATERIAL DEVELOPMENT: FEDERAL TRAFFICKING CERTIFICATION

Since the briefing began, the U.S. Department of Labor, Wage and Hour Division, has executed Form I-914 Supplement B certifying that Mr. Quichimbo is a victim of a severe form of trafficking in persons and has complied with reasonable requests for assistance in the investigation. *See* Form I-914 Supplement B, Attached. The certification documents findings of labor trafficking involving force, fraud, and coercion.

While Supplement B is not a statutory prerequisite for T non-immigrant status, it is a formal federal law enforcement determination that: (1) the Petitioner is a trafficking victim; and (2) the Petitioner has cooperated in investigative activity. This development bears directly on the equitable and prejudice analyses below. It also underscores that the pending T visa applications are not speculative or facially deficient; they are supported by a federal enforcement finding.

## III. PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS (*Winter* Factor One)

Plaintiffs' claim arises under 5 U.S.C. §§ 555(b) and 706(1), which require agencies to conclude matters presented within a reasonable time and authorize courts to compel action unlawfully withheld or unreasonably delayed. The Court's jurisdiction over that claim is undisputed. Unreasonable delay claims are evaluated under the *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC").

A preliminary injunction may issue upon a showing of (1) likelihood of success on the merits; (2) irreparable harm; (3) balance of equities; and (4) that the injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

### a. TRAC Factor One, Rule of Reason

Plaintiffs filed complete T visa applications in August 2024. More than fifteen months elapsed before initiation of judicial proceedings, and no Request for Evidence, denial, or Bona Fide Determination has been issued.

The regulatory framework presupposes that USCIS will examine an application to determine whether additional evidence is required and whether eligibility requirements are met. Continued non-action without an articulated timeline weighs against a finding of reasonableness.

### b. TRAC Factor Two, Congressional Purpose

Congress enacted the T non-immigrant framework to protect trafficking victims during adjudication. Removal before threshold review frustrates that protective structure.

### c. TRAC Factor Three, Human Health and Welfare

This case involves a federally certified trafficking victim, ongoing detention, and immediate risk of removal, nullifying the pending and certified trafficking visa application. Under *TRAC*, delay affecting human welfare warrants closer scrutiny.

### d. TRAC Factor Four, Interests Prejudiced by Delay

The parties have agreed that removal would moot the pending T visa applications. It would also extinguish the Court's ability to adjudicate the unreasonable delay claim in a meaningful way. That prejudice is substantial.

    e.  **TRAC Factor Five, Effect on Agency Priorities**

Plaintiffs do not seek immediate approval or preferential treatment in the ultimate adjudication. They seek initiation and completion of the threshold review contemplated by regulation.

On this record, Plaintiffs have shown a substantial likelihood of success on their unreasonable delay claim.

**IV.**    **IRREPARABLE HARM (*Winter* Factor Two)**

Removal of the Plaintiffs before USCIS performs the threshold review would: (1) moot the pending T Visa applications; (2) nullify the practical effect of the Department of Labor's certification and congressional intent under the TVAP; and (3) deprive this Court of the ability to grant effective relief. Loss of meaningful judicial review constitutes irreparable harm.

Additionally, removal of a federally certified trafficking victim carries serious consequences that cannot be remedied after the fact.

**V.**    **BALANCE OF EQUITIES AND PUBLIC INTEREST (*Winter* Factors Three and Four)**

The requested injunction is narrow. It preserves the status quo pending issuance or denial of a Bona Fide Determination or further order of the Court. It does not vacate the removal order, grant immigration status, or dictate the substance of USCIS's decision. It merely ensures that removal does not occur before USCIS performs the threshold review contemplated by regulation and before this Court adjudicates the pending APA claim.

By contrast, absent relief, Plaintiffs face removal that would moot their pending applications and extinguish the Court's ability to render effective relief. That harm would be concrete and irreversible. The Government's interest in enforcing a valid removal order is

substantial. But the requested relief does not permanently restrain that authority; it temporarily preserves the Court's jurisdiction to decide whether agency action has been unlawfully withheld or unreasonably delayed.

Where one side faces irreversible loss of statutory protection and meaningful judicial review, and the other faces only a temporary pause pending adjudication, the equities favor preservation of the status quo.

The public interest likewise supports ensuring that trafficking victims receive the procedural protections Congress enacted and that agencies comply with governing regulatory frameworks. Maintaining existing conditions long enough for orderly judicial resolution serves that interest. Under these circumstances, the balance of equities and the public interest weigh in favor of preliminary relief.

## VI.    CONCLUSION

This case does not ask the Court to review or invalidate a removal order. It asks the Court to adjudicate whether USCIS has unlawfully withheld or unreasonably delayed a threshold determination required by regulation. The Court has already concluded that § 1252(g) does not deprive it of jurisdiction over that claim. The remaining question is whether interim relief is warranted to preserve the Court's ability to resolve it.

Since the filing of the preliminary injunction motion, the U.S. Department of Labor has formally certified that Mr. Quichimbo is a victim of a severe form of trafficking in persons and has complied with reasonable requests for assistance in a federal investigation. That certification confirms that Plaintiffs' T visa application is supported by a federal enforcement determination and implicates congressionally created protections for trafficking victims during adjudication.

Removal before USCIS performs the required threshold review would moot the pending T visa applications, nullify the practical effect of a federal trafficking certification, and foreclose this Court's ability to provide meaningful relief. By contrast, the requested injunction does not disturb the validity of the removal order, dictate the substance of agency decision-making, or expand the Court's jurisdiction. It preserves existing conditions long enough for the Court to decide a claim squarely within its authority.

Under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), Plaintiffs have demonstrated likelihood of success, irreparable harm, and equities that favor preservation of the status quo. In light of the Department of Labor's certification and the undisputed risk of mootness, preliminary relief is warranted to ensure that judicial review remains meaningful and that the statutory protections at issue are not rendered ineffectual.

For these reasons, Plaintiffs respectfully request that the Court grant the motion for preliminary injunction.

                                                Respectfully submitted,
                                                Juan David Quichimbo Sumba, et al.,
                                                By Their Counsel,

                                                ___*/s//* Elizabeth Shaw_____
                                                Elizabeth Shaw, Esq.
                                                Law Offices of Rachel L. Rado, LLC
                                                175 Portland Street, 2nd Floor
                                                Boston, MA 02114
                                                (t) 617-871-6030 | (f) 877-246-8795
Date: __3/03/2026_____                    (e) eshaw@rachelradolaw.com

## CERTIFICATE OF SERVICE

      I represent Petitioner, Juan David Quichimbo Sumba, et al., and submit this verification on his behalf. I hereby verify that the foregoing Supplemental Memorandum and Notice of Material Development was served on Respondents via EM/CF on this day.

Date: _3/03/2026_____                    ___//s// Elizabeth Shaw_____
                                                                 Elizabeth Shaw, Esq.
                                                                 Law Offices of Rachel L Rado, LLC
                                                                 eshaw@rachelradolaw.com